# EXHIBIT A

 **CT Corporation**

**Service of Process
Transmittal**
12/14/2018
CT Log Number 534577183

TO: Dorothy Tsusaki
Toyota Legal One
c/o Toyota Motor North America, Inc., 6565 Headquarters Drive
Plano, TX 75024

RE: **Process Served in Illinois**

FOR: Toyota Motor Sales, U.S.A., Inc.  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RAYMOND AUYEUNG, PLTF. vs. TOYOTA MOTOR SALES, U.S.A. INC., DFT. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Judicial District, IL Case # 2018CH15221 |
| **NATURE OF ACTION:** | Product Liability Litigation - Entune Premium Systems |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/14/2018 at 13:41 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service. |
| **ATTORNEY(S) / SENDER(S):** | DAVID L. GERBIE MCGUIRE LAW, P.C. 55 WEST WACKER DRIVE, SUITE 900 CHICAGO, IL 60601 312-893-7002 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/17/2018, Expected Purge Date: 12/22/2018 |
| | Image SOP |
| | Email Notification,  Ellen L Farrell  ellen.l.farrell@toyota.com |
| | Email Notification,  Dorothy Tsusaki  dorothy.tsusaki@toyota.com |
| | Email Notification,  Lola Waldrum  lola.waldrum@toyota.com |
| | Email Notification,  Serena Stout  serena.stout@toyota.com |
| **SIGNED:** **ADDRESS:** | C T Corporation System 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons                (06/28/18) CCG 0001

FILED
12/10/2018 3:03 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH15221

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Raymond Auyeung

_____
                        (Name all parties)

v.

Toyota Motor Sales, U.S.A. Inc.
_____

c/o C T Corporation System
6565 HEADQUARTERS DRIVE
PLANO TX 75024

Case No. ___ 18CH15221 _____

☑ **SUMMONS**  ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

Witness: _____

12/10/2018 3:03 PM DOROTHY BROWN

_____
        DOROTHY BROWN, Clerk of Court

Atty. No.: __56618_____

Atty Name: __McGuire Law, P.C._____

Atty. for: __Raymond Auyeung_____

Address: __55 W. Wacker Dr. 9th Fl._____

City: __Chicago_____  State: __IL____

Zip: __60601_____

Telephone: __312-893-7002_____

Primary Email: __dgerbie@mcgpc.com_____

Secondary Email: __eturin@mcgpc.com_____

Tertiary Email: __mmcguire@mcgpc.com_____

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois   cookcountyclerkofcourt.org**

FILED DATE: 12/10/2018 3:03 PM   2018CH15221

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 12/10/2018 3:03 PM    2018CH15221

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

◉ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**12-Person Jury**

FILED
12/6/2018 7:42 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH15221

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FILED DATE: 12/6/2018 7:42 PM   2018CH15221

RAYMOND AUYEUNG, individually and
on behalf of all others similarly situated,

     *Plaintiff,*

     v.

TOYOTA MOTOR SALES, U.S.A., INC.
a California Corporation,

     *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)
)

No.   **2018CH15221**

Hon.

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, Raymond Auyeung, by and through his attorneys, brings this Class Action Complaint on behalf of himself and other consumers who purchased vehicles equipped with an Entune Premium Audio System ("Entune Premium System" or "System") from Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota" or "Defendant"). Plaintiff and other Class members purchased the Entune Premium System at the time they purchased vehicles from Toyota with the promise that they would be able to use specific software applications including Pandora, OpenTable, and Facebook Places ("Applications"). However, Defendant unfairly discontinued and ceased supporting the Applications after Plaintiff and the Class specifically paid for a system that would allow them to use such Applications and after they relied on Defendant's representations that they would be able to utilize the Applications, resulting in concrete harms to Plaintiff and the Class. Plaintiff, on behalf of himself and a class of similarly situated individuals, seeks monetary damages, restitution, and all other available relief for Defendant's wrongful conduct.

FILED DATE: 12/6/2018 7:42 PM  2018CH15221

# INTRODUCTION

1.      Toyota is a leading manufacturer and seller of automobiles and associated technologies and services. In an effort to further increase its profitability, Toyota offers consumers various optional premium upgrades at the time it sells its vehicles, directly marketing and warranting such upgrades to consumers.

2.      Toyota offers, markets, and sells its Entune Premium System, an in-dash entertainment and digital concierge system upgrade consumers can purchase for certain Toyota vehicles.

3.      Customers must pay a significant amount on top of the purchase price of their Toyota vehicle in order to equip the vehicle with an Entune Premium System. The Entune Premium System was marketed to consumers as giving them access to a rich set of software applications and data services, including the Applications.

4.      However, after consumers paid extra to receive access to the subject Applications via the Entune Premium System, Toyota discontinued and eliminated support for those very same Applications (Pandora, OpenTable, and Facebook Places).

5.      Defendant falsely promised consumers that the Entune Premium System would allow them to use various software Applications, including Pandora, OpenTable, and Facebook Places upon purchasing a Toyota brand vehicle equipped with the Entune Premium System.

6.      Like the other members of the putative Class, Plaintiff purchased a Toyota vehicle advertised as having the Entune Premium System and paid more for his vehicle than he would have if it was not equipped with the Entune Premium System. However, after just two (2) years of ownership, Plaintiff was suddenly notified by Toyota that the subject Applications Plaintiff most

2

FILED DATE: 12/6/2018 7:42 PM   2018CH15221

commonly used and which formed the entire basis for his purchase of the Entune Premium System would no longer be supported by Toyota following November 13, 2018.

7.   The permanent discontinuation of the Applications could not have reasonably been discovered by a consumer at the time of purchasing the Entune Premium System. Instead, consumers were not made aware of the discontinuation until they got an email from Toyota Entune Customer Support in September 2018.

8.   On behalf of himself and the proposed Class defined below, Plaintiff seeks an award of monetary damages, restitution, and all other available relief to the Class, together with costs and reasonable attorneys' fees.

## VENUE AND JURISDICTION

9.   This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendant is doing business within this State and intentionally markets its products and services in this State to Illinois residents.

10.   Venue is proper in Cook County under 735 ILCS 5/2-101, because Defendant conducts business in Cook County and because the transaction out of which this cause of action arises occurred in Cook County, as Plaintiff purchased the product at issue in Cook County.

## PARTIES

11.   Plaintiff Raymond Auyeung is a natural person and a resident of Illinois.

12.   Defendant Toyota Motor Sales, U.S.A., Inc. is the North American Toyota sales, marketing, and distribution subsidiary of Toyota Motor Corporation devoted to the United States market. Defendant is a California corporation that maintains its headquarters in Plano, Texas.

3

FILED DATE: 12/6/2018 7:42 PM   2018CH15221

Defendant is registered to conduct business, and does conduct business, throughout the State of Illinois, including in Cook County. Defendant is the distributor and/or seller of the Entune Premium System in the United States.

## FACTS SPECIFIC TO PLAINTIFF

13.      Toyota's markets its Entune Premium System online as well as at the point-of-sale of its vehicles, promoting the Entune Premium System's suite of applications, including the subject Applications, as a strong selling point for the System.

14.      Indeed, Toyota marketed the System on its website, and in other marketing materials, as explicitly and specifically supporting the subject Applications:[1]

## Which apps are included with Entune® App Suite?

The third-party apps supported through Toyota Entune® App Suite [51] include:

Destination Search — Search and explore places to go and exciting things to do. Find and go to points of interest, addresses, restaurants, shopping, entertainment venues and more.

iHeartRadio — Listen to more than 1500 live radio stations from across the country and create personalized Custom Stations.

MovieTickets.com — A personal box office on your dashboard. Find movies, see showtimes and purchase tickets right from your vehicle.

OpenTable® — Locate restaurants by time, date, type of cuisine and price range. Make real-time reservations and navigate right from your vehicle.

Pandora® — Create and listen to personalized music stations that stream directly to your vehicle. You can also create and personalize stations based on a specific song or artist you enjoy. [50]

Facebook Places — Check in and notify your Facebook friends of your location the moment you arrive. *On select 2014 and later models.

Yelp® — Looking for a local place to eat, shop, drink, relax or play? Read reviews from locals who know best and get directions sent directly to your navigation system. [53] *On select 2014 and later models.

Slacker Radio — Slacker is handcrafted radio from passionate music experts. Discover the perfect music for any moment, with hundreds of stations and recommendations that adapt to you.

15.      On or about October 2016, Plaintiff visited a Toyota dealership and purchased a

---

[1] https://www.toyota.com/entune/support/epas/app-suite/4runner/2016/#!select-model

2016 Toyota 4Runner vehicle, equipped with an Entune Premium System. Plaintiff paid over $35,000 in total for the vehicle, $345.00 of which was an upcharge for the Entune Premium System.

16.     Plaintiff relied on the representations made by Defendant that, by purchasing the Entune Premium System (which includes the Entune App Suite), he would be able to access and use the subject Applications, and Plaintiff would not have paid the additional $345.00 for the Entune Premium System if it did not provide him access and use to the subject Applications.

17.     For the first two years of his ownership of the vehicle, Plaintiff often used the subject Applications via the Entune Premium System.

18.     On or about September 2018, just two years after Plaintiff purchased the vehicle and the Entune Premium System, Plaintiff was notified by Toyota that it would no longer support and offer access to the subject Applications through the Entune Premium System after November 13, 2018.

19.     On November 13, 2018, Defendant discontinued its customers' ability to use the subject Applications through their Entune Premium Systems even though they induced consumers to pay an additional premium on the basis that such Entune Premium Systems would support such specific Applications. Toyota's discontinuation of the Applications not only affected Plaintiff's 2016 Toyota 4Runner vehicle, but also additional models offered by Toyota that were equipped with the system.

20.     Toyota's abrupt discontinuation of its customers' ability to use the subject Applications caused Plaintiff and the other Class members to sustain damages and losses, as Plaintiff and the other Class members would not have purchased the Entune Premium System, or

5

FILED DATE: 12/6/2018 7:42 PM   2018CH15221

otherwise would have paid less for the Entune Premium System and his Toyota vehicle, had they known that they would not be able to use the subject Applications after only two years.

21.     Plaintiff and other Class members each paid hundreds of dollars to have their vehicle equipped with the Entune Premium System and the accompanying suite of applications, including the subject Applications, when they purchased a Toyota vehicle. Plaintiff and the Class members only paid purchased the System because they believed the Entune Premium System would support, and thus allow them to access, the subject Applications.

22.     Plaintiff and the Class would not have paid a premium price for the Entune Premium System had they known Toyota would discontinue supporting the subject Applications.

23.     A basis of the bargain for Plaintiff's purchase of his Entune Premium System was the ability to use the subject Applications marketed at the time Plaintiff purchased the system, and that such access and support would last for the lifetime of the vehicle, and certainly the lifetime of the Entune Premium System itself.

24.     Unlike tires, batteries, and engine oil, which need regular replacement, in modern vehicles, a built-in entertainment and concierge system is expected to last the lifetime of the vehicle, such that, absent an accident, a vehicle owner would not reasonably expect to be unable to utilize the benefits of such a system. Here, Plaintiff had no reason to expect that the subject Applications offered by Toyota would be discontinued and removed from the Entune Premium System by Toyota, and Plaintiff was induced by Toyota to believe that his purchase of the Entune Premium System would provide him access to the Applications for the lifetime of the System.

6

FILED DATE: 12/6/2018 7:42 PM   2018CH15221

## CLASS ACTION ALLEGATIONS

26.　Plaintiff brings this action on behalf of himself and a Class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class ("Class") defined as follows:

> The Class: All individuals who, within the applicable statute of limitations period, purchased an Entune Premium System with their new Toyota vehicle.

> The Illinois Subclass: All individuals who, within the applicable statute of limitations period, purchased an Entune Premium System with their new Toyota vehicle in Illinois.

27.　Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

28.　Toyota manufactured thousands of vehicles with Entune App Suite during the relevant time period, and the Class is reasonably estimated to be in the thousands or tens of thousands such that joinder of all their members is impracticable. The precise number of members of the Class is unknown to Plaintiff but can be easily ascertained through Defendant's records.

29.　Plaintiff's claims are typical of the claims of the Class he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the Class is the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's unfair conduct and various common law transgressions concerning its Entune App Suite.

30.　There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

7

FILED DATE: 12/6/2018 7:42 PM   2018CH15221

(a)     Whether Defendant manufactured, marketed, distributed, and/or sold vehicles with an Entune Premium System with an Entune App Suite;

(b)     Whether Defendant breached any warranties with Plaintiff and the other Class members;

(c)     Whether Defendant violated the ICFA;

(d)     Whether Defendant was unjustly enriched;

(e)     Whether Defendant was obligated to continue providing consumers with access to the Applications, or otherwise continue offering support for such Applications on its Entune App Suite; and

(f)     Whether Plaintiff and the other Class members are entitled to monetary, restitutionary, and/or injunctive relief, and the extent of such remedies.

31.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources and promotes consistency and efficiency of adjudication.

32.     Plaintiff will fairly and adequately represent the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

33.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

8

FILED DATE: 12/6/2018 7:42 PM 2018CH15221

## COUNT I
### Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*
### (On behalf of Plaintiff and the Illinois Subclass)

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") provides in relevant part that:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

36. Plaintiff and the other members of the Class are "consumers" under Section 1(e) the ICFA.

37. Defendant's conduct as alleged herein occurred in the course of trade or commerce because Plaintiff and the Class purchased, and were induced to purchase, the Entune Premium System for their Toyota vehicles by Defendant.

38. Defendant Toyota advertised and marketed the Entune Premium System to the public, including Plaintiff and the Class members, as capable of supporting and providing access to the Applications.

39. Defendant Toyota falsely promised that consumer who purchased the Entune Premium System would be able to use the subject Applications in their Toyota vehicles.

40. It was deceptive and unfair for Defendant to market and sell the Entune Premium System as supporting the subject Applications only to abruptly discontinue and remove Plaintiff's

9

and the Class members' access to the Applications.

41.     It was deceptive and unfair for Defendant to market and sell the Entune Premium System as supporting the subject Applications and to omit the fact that Defendant might discontinue and remove Plaintiff's and the Class members' access to the Applications at some later date.

42.     Plaintiff, the Class expected the utility and value of their Entune Premium Systems, as built-in, permanent fixtures to their Toyota vehicles, to last the lifetime of the vehicle, and at least the lifetime of the entertainment system. However, here, the Entune Premium System was stripped of its utility by Toyota when Defendant stopped supporting and allowing access to the key Applications.

43.     On November 13, 2018, Toyota discontinued the ability for consumers with Class vehicles to use the Applications which is contrary to the representations Toyota made to consumers in order to induce them to purchase Entune Premium Systems.

44.     Defendant deceptively and unfairly omitted the information that the Applications would not be permanently supported by the Entune Premium Systems and that the Systems were less useful than their marketing and advertising suggested.

45.     By engaging in the above deceptive and unfair trade practices, Defendant has violated section 2 of the ICFA, 815 ILCS 505/2.

46.     As a direct and proximate cause of Toyota's deceptive and unfair trade practices, Plaintiff and the Class suffered actual damages, including monetary losses associated with the decreased value of their Entune Premium Systems and their vehicles and the difference between the benefit they expected, and were induced to expect, to obtain through the purchase of the Entune

10

FILED DATE: 12/6/2018 7:42 PM 2018CH15221

Premium System and the value of the System which did not support the subject Applications, in addition to other concrete harms.

47.     Defendant's conduct is in violation of the ICFA, and, pursuant to 815 ILCS 505/10a, Plaintiff and the Class are entitled to damages in amounts to be proven at trial, reasonable attorneys' fees, injunctive relief prohibiting Defendant's unfair and deceptive conduct, and any other penalties or awards that may be appropriate under applicable law.

WHEREFORE, for the reasons set forth above, Plaintiff requests relief and judgment against Defendant as follows:

        a.     An Order certifying the Illinois Subclass as defined above;

        b.     An award of actual and compensatory damages to Plaintiff and the other members of the Subclass for all damages sustained as a result of Toyota's wrongdoing, in an amount to be proven at trial;

        c.     An award of reasonable attorneys' fees and costs;

        d.     Such further and other relief as the Court deems reasonable and just.

**COUNT II**
**Breach of Express Warranty**
**(On behalf of Plaintiff and the Class)**

48.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49.     Through it extensive marketing of its Entune Premium System, Toyota created a written express warranty to Plaintiff and the other members of the Class that the Entune Premium System would support and allow them to access and use the subject Applications.

50.     However, as further developed *supra*, Toyota abruptly discontinued support for and eliminated the ability for Entune Premium System owners to use the subject Applications.

FILED DATE: 12/6/2018 7:42 PM 2018CH15221

51.     Plaintiff and the Class members sought out and relied on Toyota's express warranty that the Entune Premium System would allow them to use the Pandora, OpenTable, and Facebook Places Applications when deciding to purchase the Entune Premium System.

52.     Toyota's representation that customers who elected to purchase the Entune Premium System would be able to access and use the subject Applications formed a part of the basis of the bargain between Toyota on the one hand and Plaintiff and the other Class members on the other.

53.     At all times, Toyota was in full control of the information and access to information it provided on its website and otherwise concerning the Entune Premium System and associated offerings. As such, a special relationship existed between Toyota and Plaintiff whereby Toyota, in its position of superior power, was obligated to disclose all material information concerning the transaction involving the Entune Premium System and the Applications.

54.     Toyota breached its express warranties to Plaintiff and the other Class members by, as explained above, removing support for and access to the Applications from the Entune Premium System after warranting that those Applications would be available and after Plaintiff and the Class purchased such systems under Toyota's in reliance on such statements.

55.     As a direct and proximate result of Toyota's breach of its express warranties, Plaintiff and the Class have suffered economic losses and actual damages, including all or part of the purchase price for the Entune Premium System, in an amount to be determined at trial.

WHEREFORE, for the reasons set forth above, Plaintiff requests relief and judgment against Defendant as follows:

a.      An Order certifying the Class as defined above;

12

FILED DATE: 12/6/2018 7:42 PM   2018CH15221

      b.     An award of actual and compensatory damages to Plaintiff and the other members of the Class for all damages sustained as a result of Toyota's wrongdoing, in an amount to be proven at trial;

      c.     Such further and other relief as the Court deems reasonable and just.

**COUNT III**
**Unjust Enrichment**
**(On behalf of Plaintiff and the Class)**

56.     Plaintiff incorporates the allegations set forth in Paragraphs 1–33 above as if fully set forth herein.

57.     Plaintiff and the other Class members conferred a benefit on Toyota by purchasing Entune Premium Systems for approximately $345.00, each. This benefit is measurable using the profits and revenues Toyota received through selling its Entune Premium Systems to consumers. Toyota appreciates or has knowledge of such benefit.

58.     Defendant's retention of this benefit violates principles of justice, equity, and good conscience, and it would be inequitable and unjust for Toyota to retain the benefit of revenues and profits obtained from the purchases of its Entune Premium Systems by Plaintiff and the other Class members, because Toyota falsely promised that Entune Premium System would include the ability to use the Applications.

59.     Plaintiff and the Class expected the utility and value of the Entune Premium System to last the lifetime of the vehicle, and at least the lifetime of the system itself, and they would not have purchased the Entune Premium System had they known that Toyota would strip the ability for consumers to use the Applications shortly after they purchased such systems.

60.     Accordingly, because Toyota will be unjustly enriched if allowed to retain the funds

13

FILED DATE: 12/6/2018 7:42 PM   2018CH15221

it received through the deceptive sales of the Entune Premium Systems, Toyota must pay restitution to Plaintiff and the other Class members in the amount by which Toyota was so unjustly enriched.

WHEREFORE, for the reasons set forth above, Plaintiff requests relief and judgment against Defendant as follows:

a.   An Order certifying the Class as defined above;

b.   An award of actual and compensatory damages to Plaintiff and the other members of the Class for all damages sustained as a result of Toyota's wrongdoing, in an amount to be proven at trial;

c.   Imposing a constructive trust against Toyota for the benefit of Plaintiff and members of the Class;

d.   Restitution; and

e.   Such further and other relief as the Court deems reasonable and just.

### JURY DEMAND

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated: December 6, 2018                          Respectfully submitted,

                                                 RAYMOND AUYEUNG, individually
                                                 and on behalf of all others similarly situated

                                        By:      /s/ David L. Gerbie
                                                 *One of Plaintiff's Attorneys*

Eugene Y. Turin
David L. Gerbie
McGuire Law, P.C.
55 West Wacker Drive, Suite 900
Chicago, Illinois 60601
eturin@mcgpc.com

14

FILED DATE: 12/6/2018 7:42 PM    2018CH15221

dgerbie@mcgpc.com
Tel: (312) 893-7002

*Attorneys for Plaintiff and the proposed Class*

15